IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


MARY A. DUNLAP,

       Plaintiff,

v.                             Civil Action No. 5:08CV65
                                      (STAMP)

ORMET CORPORATION,
PROVIDENT LIFE & CASUALTY CO.,
UNUM GROUP, an insurance group
and its insuring subsidiaries,
MICHAEL J. GLOW and
CYNTHIA A. CRIHFIELD,

       Defendants.


**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANT ORMET CORPORATION'S MOTION TO DISMISS,**
**GRANTING DEFENDANTS PROVIDENT LIFE & CASUALTY CO.'S**
**AND UNUM GROUP'S MOTION FOR SUMMARY JUDGMENT,**
**AND DECLINING TO AWARD ATTORNEYS' FEES**

I.  Procedural History

The plaintiff, Mary A. Dunlap, initiated this action in the Circuit Court of Wetzel County, West Virginia against defendants Ormet Corporation ("Ormet"); Provident Life and Accident Insurance Company,[1] and Unum Group (together, "the Unum defendants"); Michael J. Glow ("Glow"); and Cynthia Crihfield ("Crihfield"). The complaint states four causes of action arising under West Virginia law and relating to the payment of insurance benefits by the Unum defendants to defendants Glow and Crihfield pursuant to a plan sponsored by defendant Ormet. Specifically, the complaint alleges

---

[1]Provident Life and Accident Insurance Company is incorrectly designated in the complaint as "Provident Life & Casualty Co."

undue influence and tortious interference by defendants Glow and Crihfield; negligence by defendants Ormet and the Unum defendants, and breach of fiduciary duty by the Unum defendants. As relief, the plaintiff seeks compensatory damages against all defendants and punitive damages against defendants Glow and Crihfield.

Defendant Glow and defendant Crihfield filed their answers in state court. Thereafter, the defendants timely removed the action to this Court, invoking federal jurisdiction on the grounds of preemption pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq.[2] Defendant Ormet and the Unum defendants then filed their respective answers.

Pursuant to Federal Rule of Civil Procedure 26(f), and this Court's First Order and Notice Regarding Discovery and Scheduling, the parties conducted an initial planning meeting and filed a report of that meeting. The parties represented to this Court that they disagreed on whether discovery relating to the claims against defendant Ormet and the Unum defendants should be limited to the administrative record. This Court ordered briefing on that issue and stayed entry of the scheduling order pending a ruling. Defendant Ormet and the Unum defendants filed memoranda setting forth their respective positions on the matter. The plaintiff has filed no memorandum on this issue.

---

[2]The plaintiff does not contest that removal was proper, and, as discussed below, this Court agrees that it has jurisdiction over this action pursuant to ERISA preemption of state law claims.

Before briefing on the discovery matter was complete, the Unum defendants filed a motion for summary judgment. In their motion for summary judgment, the Unum defendants request an award of attorneys' fees and costs. Shortly thereafter, defendant Ormet filed a motion to dismiss. Under the Local Rules of Civil Procedure for this district, any responses to motions must be filed within fourteen days from the date of service of the motion. L.R. Civ. P. 7.02(b). To date, the plaintiff has filed no response to either motion and has not requested, by motion or otherwise, any extension of time to file a response. Defendant Ormet and the Unum defendants have filed supplemental memoranda in support of their respective motions. In light of the plaintiff's failure to contest the grounds for dismissal asserted in defendant Ormet's motion to dismiss, defendant Ormet's supplemental memorandum argues that the plaintiff's failure to respond to Ormet's motion to dismiss warrants dismissal "by default." The Unum Group defendants' supplemental memorandum draws this Court's attention to a case recently decided by the Supreme Court of the United States which, they contend, supports their motion for summary judgment. The plaintiff has filed no response to either supplemental memorandum.

This Court has reviewed the parties' pleadings and the relevant law and finds the corporate defendants' motions ripe for review. Although some case law issued by the United States Court of Appeals for the Fourth Circuit may suggest that dismissal by

default is permissible where a party has failed to file a responsive pleading to a motion to dismiss within the time allotted by the adjudicating court's local rules,[3] this Court, having reviewed the parties' pleadings and the relevant law believes that a decision on the merits is warranted. For the reasons that follow, defendant Ormet's motion to dismiss will be granted, and the Unum defendants' motion for summary judgment will be granted.

## II. Facts

Mary A. Dunlap is the widow of Charles E. Dunlap ("Mr. Dunlap"). Before his death from cancer, on January 20, 2006, Mr. Dunlap was an employee of defendant Ormet. As such, Mr. Dunlap was entitled to death benefits, payable to named beneficiaries, under a benefits plan sponsored and administered by Ormet. The Unum defendants were the insurer and benefits administrator for the life insurance policy which provided the death benefits for Ormet employees.

In her complaint, the plaintiff alleges that she was the sole beneficiary of the life insurance policy until the days immediately preceding her husband's death. According to the plaintiff, medical records indicate that Mr. Dunlap, who was hospitalized during the last days of his life, was confused and disoriented. She alleges,

---

[3]See e.g., Pueschel v. United States, 369 F.3d 345 (4th Cir. 2004); Dorsey v. New Hanover County Bd. of Educ., 53 F.App'x 231, No. 02-1353, 2002 WL 31812730 (4th Cir. Dec. 16, 2002) (unpublished); Brown v. Smith, 121 F.3d 697 (4th Cir. 1997) (unpublished).

further, that while Mr. Dunlap was in this confused and disoriented state, defendant Glow, who is Mr. Dunlap's step-son, and defendant Crihfield, who is Mr. Dunlap's daughter, obtained and completed a Life Insurance Beneficiary Designation Form, naming themselves and two other family members as the sole beneficiaries to Mr. Dunlap's insurance policy. Defendants Glow and Crihfield obtained Mr. Dunlap's signature on that form on January 17, 2006, and then submitted the form to Ormet's Human Resources Department. Thereafter, Ormet submitted claim documentation to the Unum defendants relating to the distribution of the proceeds of Mr. Dunlap's coverage. On March 30, 2006, the Unum defendants disbursed the proceeds of the life insurance policy to the named beneficiaries. At no time does it appear that the plaintiff filed a competing claim or otherwise sought to obtain the death benefits relating to Mr. Dunlap's Ormet-sponsored life insurance policy.

On or about January 17, 2008, the plaintiff filed this action. Count One of the complaint alleges that defendants Glow and Crihfield wilfully and wantonly exercised undue influence over Mr. Dunlap while he was incompetent to deprive the plaintiff of the proceeds of the insurance policy. Count Two alleges that defendants Glow and Crihfield tortiously interfered with Mr. Dunlap's insurance contract with defendant Ormet and the Unum

defendants.[4]   In Count Three, the plaintiff alleges that the corporate defendants negligently accepted the change of beneficiary form without investigating its validity.   Finally, Count Four asserts that the Unum defendants owed a duty to the plaintiff, as the third-party beneficiary, to investigate the facts and circumstances surrounding the change of the designated beneficiaries of the insurance contract.

In the corporate defendants' dispositive motions, these defendants contend that the plaintiff's claims against them are completely preempted under ERISA and, therefore, must be treated as federal causes of action which, according to the corporate defendants, fail as a matter of law.   The plaintiff has filed no pleading disputing the merits of the corporate defendants' dispositive motions.

### III.  Applicable Law

A.  Motion to Dismiss

In assessing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a court must accept the factual allegations contained in the complaint as true. Advanced Health Care Servs., Inc. v. Radford Cmty. Hosp., 910 F.2d 139, 143 (4th Cir. 1990).   Dismissal is appropriate pursuant to Rule 12(b)(6) only if "'it appears to be a certainty that the

---

[4]When referring to defendant Ormet and the Unum defendants collectively, this Court will use the term "the corporate defendants."

6

plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim.'" Id. at 143-44 (quoting Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969)); see also Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989).

Stated another way, it has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356, at 294 (2d ed. 1990). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. Id. § 1356 at 298. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357 at 304, 310.

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted only in very limited circumstances. Rogers, 883 F.2d at 325. A dismissal under Rule 12(b)(6) is granted only in cases in which the allegations raised in the

complaint clearly demonstrate that the plaintiff does not have a claim and that no set of facts would support the plaintiff's claim. 5A Wright & Miller, supra § 1357, at 344-45.

A motion to dismiss must be treated as a motion for summary judgment under Federal Rule of Civil Procedure 56 "where materials outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(d). See Laughlin v. Metro., Washington Airports Auth., 149 F.3d 253,260-61 (4th Cir. 1998).

Because this Court does not exclude the extrinsic documents submitted by the Unum defendants, defendant Ormet's motion to dismiss will be converted to a motion for summary judgment pursuant to Rule 56 and will be considered under the summary judgment standard of review.

B.    Motion for Summary Judgment

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact."

Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992)(citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)).

However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979)(Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

In Celotex, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear

the burden of proof at trial." <u>Celotex</u>, 477 U.S. at 322. Summary judgment is not appropriate until after the non-moving party has had sufficient opportunity for discovery. <u>See</u> <u>Oksanen v. Page Mem'l Hosp.</u>, 912 F.2d 73, 78 (4th Cir. 1990), <u>cert. denied</u>, 502 U.S. 1074 (1992). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. <u>See</u> <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

In this case, the non-moving party failed to respond to defendants' motion for summary judgment after sufficient time for discovery and sufficient time to respond. However, plaintiffs' failure to file a response does not relieve defendants from the burden imposed upon the moving party. <u>See</u> <u>Custer v. Pan Am. Life Ins. Co.</u>, 12 F.3d 410 (4th Cir. 1993). The court in <u>Custer</u> held that while "the failure to respond to a summary judgment motion may leave uncontroverted those facts established by the motion, the moving party must still show the uncontroverted facts entitle the party to 'a judgment as a matter of law.'" <u>Id.</u> (quoting Fed. R. Civ. P. 56(c)).

IV. <u>Discussion</u>

As a preliminary matter, this Court has determined that discovery beyond the administrative record is unnecessary. "[A] denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a <u>de novo</u> standard unless the plan gives the

administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). However, where, as here, the plan gives the fiduciary broad discretion to make decisions regarding eligibility for benefits, a deferential standard of review applies to a decision to deny benefits, and review is limited to the administrative record. See Robinson v. Meadwestvaco Corp. Savings & ESOP for Salaried and Non-Bargained Hourly Employees, 446 F. Supp. 2d 437, 443 (E.D. Va. 2006). Here, the fiduciary made no decision concerning the plaintiff's eligibility for benefits because the plaintiff did not file a claim. Under these circumstances, this Court finds that its review is limited to the administrative record and that, therefore, additional discovery, beyond the record, relating to claims against the corporate defendants is unwarranted. In light of this determination, this Court first addresses the issue of preemption before turning to the merits of the plaintiff's claims against the corporate defendants.

A.    Preemption

The plaintiff's putative state causes of action against the corporate defendants are preempted by ERISA. Section 514(a) of ERISA provides that, with narrow exceptions not applicable to this action, "the provisions of this title . . . shall supersede any and all State laws insofar as they may now or hereafter relate to any

employee benefit plan." 29 U.S.C. § 1144(a). Claims that fall within the field defined by § 514(a) may be prosecuted as a federal action if they also fall within the scope of § 502(a), which "authorizes participants or beneficiaries to file civil actions to, among other things, recover benefits, enforce rights conferred by an ERISA plan, remedy breaches of fiduciary duty, clarify rights to benefits, and enjoin violations of ERISA." Marks v. Watters, 322 F.3d 316, 323 (4th Cir. 2003) (citing 29 U.S.C. § 1132(a)). Thus, where a putative state law claim relates to an employee benefit plan and falls within the scope of § 502(a), such claim is preempted and becomes an exclusively federal cause of action. Id. In other words, such claims are subject to "complete preemption" and may be prosecuted only under the statutory provisions of ERISA. Id. However, where a putative state law claim relates to an employee benefit plan but does not fall within the scope of § 502(a), the prosecution of such claim is precluded by § 514(a). Id. That is, such claims are subject to "simple preemption" and must be dismissed. Id.

Here, Counts Three and Four, which appear to allege negligence and breach of fiduciary duty, respectively, in connection with the administration of an employer-sponsored life insurance policy, are completely preempted by ERISA because these putative state law claims are related to an employee benefit plan for purposes of § 514(a) of the statute and fall within the scope of ERISA

§ 502(a). Although not pled as ERISA causes of action, these allegations directly relate to an ERISA plan and assert breaches of ERISA's core fiduciary standards of loyalty and care, in violation of §§ 502(a)(2) and (3). <u>See</u> ERISA §§ 409, 502(a)(2)-(3), 29 U.S.C. §§ 1009, 1132(a)(2)-(3). Furthermore, to the extent that the claims against the corporate defendants are not construed as arising under § 502(a)(2) or § 502(a)(3), the plaintiff nonetheless seeks to recover benefits due to her under the terms of the benefits plan. Therefore, her claims conceivably implicate § 502(a)(1). <u>See</u> ERISA 502(a)(1), 29 U.S.C. § 1132(a)(1). Accordingly, Counts Three and Four are completely preempted and must be prosecuted as federal causes of action arising under ERISA.

B.    <u>Merits</u>

The plaintiff initiated this action stating causes of action arising under state law, and therefore, her complaint understandably does not identify which provisions of ERISA she believes apply to her claims. However, even though she has not opposed removal, she has also not sought to amend her complaint to re-characterize her state-law claims as ERISA causes of action. Moreover, despite the defendants' arguments concerning the ERISA provisions they believe are applicable, which the corporate defendants have set forth in their dispositive motions, the plaintiff has not responded to these characterizations. As a result, the ERISA provision or provisions applicable in this action

remain somewhat unclear.  Because the corporate defendants, collectively, have identified §§ 502(a)(1), (2), and (3) as potentially applicable provisions, this Court will analyze the plaintiff's claims against the corporate defendants under all three provisions.[5]

1.  <u>Employee Retirement Income Security Act Section 502(a)(1)</u>

To the extent that the plaintiff's claims against either or both corporate defendants implicate § 502(a)(1), her claims must fail.  Subsection (a)(1) provides in relevant part:

> (a)  Persons empowered to bring a civil action.  A civil action may be brought–
> (1)  by a participant or beneficiary–
> . . .
> (B)  to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

29 U.S.C. § 1132(a)(1)(B).

In a recent decision, the United States Supreme Court addressed a case involving the allegedly wrongful payment of benefits to someone other than the intended beneficiary.  <u>See</u> <u>Kennedy v. Plan Administrator for DuPont Savings & Investment Plan</u>, ___ S. Ct. ___, No. 07-636, 2009 WL 160440 (U.S. Jan. 26, 2009).  The holding and rationale of <u>Kennedy</u> convince this Court that the

---

[5]Defendant Ormet contends that only §§ 502(a)(2) and (3) are implicated by Count Three of the complaint, which is the only count containing a cause of action against Ormet.  Nevertheless, under the particular circumstances of this case, this Court believes that § 502(a)(1) may also be potentially applicable to Ormet and, therefore, considers that provision as well.

plaintiff's claims against the corporate defendants are not viable under § 502(a)(1).[6]

In <u>Kennedy</u>, the estate of a deceased former employee of E.I. DuPont de Nemours & Company ("DuPont") sued DuPont and the plan administrator of DuPont's savings and investment plan ("SIP") for allegedly making wrongful payment of ERISA benefits to the decedent's ex-wife. <u>Kennedy</u>, 2009 WL 160440 at **3-4. The Court considered whether plan administrators properly dispensed the ERISA benefits to the ex-wife, who was originally named a beneficiary in plan documents but was never removed from them despite a divorce decree in which she purported to waive her entitlement to the benefits. <u>Id.</u> The Court held that, "the plan administrator properly disregarded the waiver owing to [the waiver's] conflict with the designation made by the former husband in accordance with plan documents." <u>Id.</u> at *3. In reaching this decision, the Court explained that:

> ERISA requires "[e]very employee benefit plan [to] be established and maintained pursuant to a written instrument," 29 U.S.C. § 1102(a)(1), "specify[ing] the basis on which payments are made to and from the plan," § 1102(b)(4). The plan administrator is obligated to act "in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of [Title I] and [Title IV] of [ERISA]," § 1104(a)(1)(D), and the Act provides no exemption from this duty when it comes time to pay benefits. On the contrary, § 1132(a)(1)(B)

---

[6]Although defendant Ormet has not invoked the <u>Kennedy</u> decision in support of its motion to dismiss, this Court believes that <u>Kennedy</u> is also relevant to Ormet's position.

(which the Estate happens to invoke against DuPont here) reinforces the directive, with its provision that a participant or beneficiary may bring a cause of action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

Id. at *8.

ERISA therefore provides "a straightforward rule hewing to the directives of the plan documents that lets employers establish a uniform administrative scheme, [with] a set of standard procedures to guide processing of claims and disbursement of benefits." Id. at *9 (internal quotations and citations omitted). As rationale for its holding, the Court pointed to the desirability of having a simple rule govern the processing of claims and the distribution of plan benefits, thereby enabling plan administrators "to look at plan documents and records conforming to them to get clear distribution instructions, without going into court." Id. The Court noted: "The point is that by giving a plan participant a clear set of instructions for making his own instructions clear, ERISA forecloses any justification for enquiries into nice expressions of intent, in favor of adhering to an uncomplicated rule." Id. Thus, under Kennedy, if the plan sets forth procedures that comply with ERISA's requirements, and if the plan administrator follows those procedures, no duty may be imposed upon the plan administrator to examine external documents which could create ambiguities concerning the dispensation of benefits. Id.

Here, the ERISA benefit is an employer-sponsored life insurance policy. Section III of the policy sets forth coverage provisions and, in pertinent part, informs the insured how to designate a beneficiary or beneficiaries:

> You may name anyone as your beneficiary. You must file the name or names at the office of the Policyholder on a form approved by the Provident.
> You may change your beneficiary at any time by giving notice in writing.

(Defs.' Mot. for Summ. J. Ex. A at 12.) The policy identifies defendant Ormet as the "Plan Administrator" and defendant Provident Life and Accident Insurance Company as the "Claims Fiduciary." (Defs.' Mot. for Summ. J. Ex. A at 18.) The policy also sets forth the instructions for filing a claim: "If you wish to file a claim for benefits, you should follow the claim procedures described in your group insurance certificate. Provident Life and Accident must receive a completed claim form. The form must be completed by you, your authorized representative, your attending physician and your Employer." (Defs.' Mot. for Summ. J. Ex. A at 20.)

The record before this Court establishes that defendant Ormet, as the Plan Administrator, and the Unum defendants, as the Claims Fiduciary, followed the procedures set forth in the plan.[7] The corporate defendants did their statutory duty by paying the benefits to the named beneficiaries in conformity with the

---

[7]The plaintiff has made no allegation that the plan documents fail to conform with ERISA's requirements.

procedures set forth in, and the records identified by, the plan documents. This Court believes that neither defendant was required to consider external circumstances in light of the clear distribution instructions in Mr. Dunlap's beneficiary designation form. Therefore, as to this ground for relief, defendant Ormet's motion to dismiss and the Unum defendants' motion for summary judgment will be granted.

As an alternative ground in support of their motion for summary judgment insofar as it implicates § 502(a)(1), the Unum defendants argue that the plaintiff failed to exhaust the procedural remedies available to her under the plan's claims review procedures. "An ERISA claimant generally is required to exhaust the administrative remedies provided in his or her employee benefit plan before commencing an ERISA action in federal court." <u>Hickey v. Digital Equip. Corp.</u>, 43 F.3d 941, 945 (4th Cir. 1995). Here, as noted above, the plan required a claimant to submit a completed claims form. (Defs.' Mot. for Summ. J. Ex. A at 20.) Under the plan procedures, a denial by the Claims Fiduciary of a claim based upon death must be made in writing and provided to the claimant within ninety days after the filing of the claim. (Defs.' Mot. for Summ. J. Ex. A at 20.) To appeal a denial, the claimant or the claimant's authorized representative must, among other things, submit a request for review in writing within ninety days after receiving the decision denying claims. (Defs.' Mot. for Summ. J.

Ex. A at 22.)  According to the Unum defendants, the plaintiff never submitted a claim under the plan's review procedures.  The plaintiff does not refute this assertion, and nothing in the record suggests to this Court that it is erroneous.  Moreover, the plaintiff has not made a "clear and positive showing of futility" which would permit her to circumvent the exhaustion requirement. Because the plaintiff did not pursue the plan's administrative channels before filing suit, the Unum defendants are entitled to summary judgment and, to the extent that the plaintiff has stated a § 502(a)(1) claim against the Unum defendants, such claim must be dismissed for failure to exhaust administrative remedies.  See Makar v. Health Care Corp. of Mid-Atlantic, 872 F.2d 80, 82 (4th Cir. 1989).

 2. Employee Retirement Income Security Act Section 502(a)(2)

Employee Retirement Income Security Act Section 502(a)(2) authorizes civil actions which are brought "by the Secretary [of Labor], or by a participant, beneficiary or fiduciary for appropriate relief under section 409."  ERISA § 502(a), 29 U.S.C. § 1132(a)(2).  In turn, ERISA § 409 provides:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities by this title shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

ERISA § 409, 29 U.S.C. § 1109.  Thus, relief under subsection (a)(2) may be legal or equitable in nature.

Both corporate defendants argue that the plaintiff's claims must fail under § 502(a)(2) because the plaintiff seeks recovery for herself, not the plan as a whole.  Additionally, defendant Ormet argues that monetary relief in the form of compensatory, extracontractual, or punitive damages may not be awarded under § 502(a)(2).  Contrary to the corporate defendants' assertions, the remedy the plaintiff seeks for her claims concerning the wrongful payout of benefits does appear to be authorized by § 502(a)(2).

In 2006, the United States Court of Appeals for the Fourth Circuit held that a participant in a defined contribution plan could not maintain a cause of action under §§ 409 and 502(a)(2) of ERISA because those provisions authorize relief only for the plan as a whole, not for individual participants in the plan.  LaRue v. De Wolff, Boberg & Associates, Inc., 450 F.3d 570, 574 (4th Cir. 2006), vacated, 128 S. Ct. 1020 (2008)("LaRue I").  However, in 2008, in a decision issued before the defendants filed their dispositive motions, the Supreme Court of the United States vacated that decision, holding that, "although § 502(a)(2) does not provide a remedy for individual injuries distinct from plan injuries, that provision does authorize recovery for fiduciary breaches that impair the value of plan assets in a participant's individual

account." <u>LaRue v. Wolff, Boberg & Associates, Inc.</u>, 128 S. Ct. 1020, 1026 (2008) ("<u>LaRue II</u>").

In light of <u>LaRue II</u>, this Court must reject the defendants' argument that the plaintiff's claims for wrongful payment of benefits must fail under § 502(a)(2) because the plaintiff seeks a remedy on her own behalf. Here, although the plaintiff has sued as an individual plan participant, <u>LaRue II</u> recognizes that she is entitled to do so. Moreover, the individual injury resulting from the alleged wrongful payment of benefits is not distinct from injury to the plan, and the alleged fiduciary misconduct impaired the value of the plaintiff's plan assets in the form of payment under the insurance policy.[8]

This Court also rejects defendant Ormet's argument that § 502(a)(2) forecloses relief in the form of compensatory damages. Defendant Ormet relies upon a pre-<u>LaRue II</u> Supreme Court case, <u>Massachusetts Mutual Life Insurance Company v. Russell</u>, 473 U.S. 134 (1985), and Fourth Circuit case law interpreting that case, for the proposition that § 409, which sets forth the relief available under § 502(a)(2), does not authorize an individual to sue on his or her own behalf for compensatory damages for losses to a defined benefits plan resulting from a breach of fiduciary duty. The plaintiff in <u>Russell</u> had received all of the benefits to which she

---

[8]It would also appear that the alleged fiduciary misconduct also impaired the value of the Plan as a whole. However, given the holding of <u>LaRue II</u>, this Court need not address that issue.

was entitled and sued the plan administrator for extracontractual and punitive damages for unreasonably delaying payment. The Court overruled the Ninth Circuit, which had found extracontractual damages permissible under ERISA. As stated in Russell,

> [a]ccording to the Court of Appeals, the award of compensatory damages shall "remedy the wrong and make the aggrieved individual whole," which meant not merely contractual damages for loss of plan benefits, but relief "that will compensate the injured party for all losses and injuries sustained as a direct and proximate cause of the breach of fiduciary duty," including "damages for mental or emotional distress."

Russell, 472 U.S. at 138 (quoting Massachusetts Mut. Life Ins. Co. v. Russell, 722 F.2d 482, 490 (1983)). The Supreme Court granted certiorari for the purpose of "review[ing] both the compensatory and punitive components of the Court of Appeals' holding that § 409 authorizes recovery of extracontractual damages." Id.

Thus, the question before the Supreme Court in Russell was not, as defendant Ormet characterizes it, whether an individual may seek any compensatory damages on his or her own behalf under §§ 409 and 502(a)(2), but rather whether an individual may seek extracontractual damages--be they compensatory or punitive. The Court held that such extracontractual damages were not authorized. Importantly, the Court did not hold that an individual was prohibited from seeking any compensatory damages on his or her own behalf where a fiduciary breach caused a loss to the plan. Rather, as the Court clarified in LaRue, such an individual may not sue for consequential damages. The LaRue Court stated: "In Massachusetts

Mut. Life Ins. Co. v. Russell, we held that a participant in a disability plan that paid a fixed level of benefits could not bring suit under § 502(a)(2) of [ERISA] . . . to recover consequential damages arising from delay in the processing of her claim." LaRue, 128 S.Ct. at 1022 (internal citations omitted).  To the extent that lower courts have previously construed Russell as prohibiting suit by an individual for contractual compensatory damages for loss to the plan of his or her share of plan benefits, LaRue suggests that the Court's ruling in Russell was not so broad.  After LaRue, it seems that Russell does not foreclose a plan participant from suing under §§ 409 and 502(a)(2) for monetary compensation for losses to an individual's plan benefits resulting from a breach of fiduciary duty.

Here, although the plaintiff's claims must fail to the extent that she seeks extracontractual compensatory (i.e., consequential) and punitive damages, she has nonetheless conceivably stated a cause of action that could survive Ormet's motion to dismiss and the Unum defendants' motion for summary judgment insofar as she seeks contractual compensatory damages under § 502(a)(2) for loss to the plan of her share of benefits resulting from the alleged breach of fiduciary duty.

However, notwithstanding the right of the plaintiff to pursue her claims for compensatory damages as an individual, this Court believes that the plaintiff's claims against the corporate

23

defendants are no longer viable under § 502(a)(2) after the Supreme Court's decision in <u>Kennedy</u>. Although <u>Kennedy</u> concerned the application of § 502(a)(1), the Court's rationale supports a similar conclusion under the particular facts of this action. As discussed above, defendant Ormet, as the Plan Administrator, and the Unum defendants, as the Claims Administrator, complied with their statutory duty by following the procedures set forth in the plan and by paying the benefits to the named beneficiaries in conformity with the plan documents and submitted records. This Court believes that the corporate defendants were under no duty to consider external circumstances in light of the clear distribution instructions set forth in the beneficiary designation form. Therefore, as to the ground for relief the plaintiff may have stated under § 502(a)(2), defendant Ormet's motion to dismiss and the Unum defendants' motion for summary judgment will be granted.

3.    <u>Employee Retirement Income Security Act Section 502(a)(3)</u>

Subsection (3) authorizes civil actions which are brought "by a participant, beneficiary, or fiduciary" for the following purposes:

> (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan.

ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3). Thus, relief under subsection (a)(3) must be equitable.

The corporate defendants argue that the plaintiff's claims against them must fail under § 502(a)(3) because the relief sought does not constitute equitable relief.  This Court agrees.

As this Court understands the plaintiff's complaint, the plaintiff appears to be seeking monetary compensation for the defendants' wrongful payout of benefits to which the plaintiff claims she is entitled.  The plaintiff says nothing about restitution, which would appear to be the only pertinent form of equitable relief implicated by her claims.  Rather, as relief the plaintiff seeks compensatory and punitive damages, which relief is not authorized under § 502(a)(3) because such relief is not equitable.  Accordingly, the plaintiff's claims are not viable under § 502(a)(3).  Therefore, as to this ground for relief, defendant Ormet's motion to dismiss and the Unum defendants' motion for summary judgment will be granted.

C.    Attorneys' Fees

In their motion for summary judgment, the Unum defendants ask this Court to grant an award of attorneys' fees pursuant to 29 U.S.C. § 1132(g).  That subsection of ERISA provides in relevant part:

> In any action under this title (other than an action described in paragraph 2) by a participant, beneficiary, or fiduciary, the court in its discretion may allow reasonable attorney's fees and costs of action to either party.

29 U.S.C. § 1132(g)(1). Under the circumstances of this case, this Court declines to award attorneys' fees and costs to either party.

D. <u>Supplemental Jurisdiction</u>

Given the dismissal of the corporate defendants as parties to this action, there appears to be no basis for exercising jurisdiction over this action because the remaining claims against defendants Crihfield and Glow do not appear to involve ERISA or any other federal law, and diversity of citizenship is lacking. Accordingly, the plaintiff's claims against Michael J. Glow and Cynthia A. Crihfield will be dismissed without prejudice pursuant to 28 U.S.C. § 1367.

<h3 style="text-align:center">V. <u>Conclusion</u></h3>

For the reasons articulated above, defendant Ormet Corporation's motion to dismiss is converted to a motion for summary judgment and GRANTED, and defendants Provident Life and Accident Insurance Company's and Unum Group's motion for summary judgment is GRANTED. It is ORDERED that the claims against defendants Ormet Corporation, Provident Life and Accident Insurance Company, and Unum Group be, and hereby are, DISMISSED. It is also ORDERED that the request by Provident Life and Accident Insurance Company and Unum Group for an award of attorneys' fees and costs be, and hereby is, DENIED. It is further ORDERED that the plaintiff's claims against Michael J. Glow and Cynthia A. Crihfield be, and hereby are, DISMISSED WITHOUT PREJUDICE. Accordingly, it

is ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: March 19, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE